W. DEVRIES & CO., *v.* E. L. PHILLIPS and MOSES HAYWOOD.

A conveyance to pay a *bona fide* debt, if made by the debtor with a fraudulent intent is void.

Counsel have no right during the argument of a case to make *observations* upon the fact that the other party to the cause has not come forward as a witness therein.

ORIGINAL ATTACHMENT, tried before *Barre*, *J.*, at Spring Term 1868 of the Superior Court of CUMBERLAND.

The attachment having issued against Phillips, for a debt due to the plaintiffs, was levied upon goods which were claimed by Haywood, who was allowed to interplead. Haywood claimed under a bill of sale from Phillips, and this title was impeached as fraudulent and void as to the plaintiffs, who were creditors of the latter. There was evidence tending to show such fraud.

Upon this part of the case the Court charged " that if the conveyance were made for a *bona fide* debt and without any fraudulent intent, it passed the title to the goods even as against the creditors of Phillips:" also at another point, " that the deed is absolute upon its face, and there is no evidence of a trust. The debtor conveys absolutely to his creditor, and if it were to pay a *bona fide* debt it will be upheld though the debtor made it with a fraudulent intent."

The other portions of the charge in this connection are not material here.

Moses Haywood, one of the defendants, was present in Court, and did not tender himself as a witness. The plaintiff's counsel asked the Court to charge that as the facts of the case were peculiarly within his knowledge, the circumstances that he did not tender himself as a witness in his own behalf, required them to presume the facts as to which he might have testified, most strongly against him. The Court charged the jury that they might consider this fact, and attach such weight as they thought it entitled to. Also, that as the *plaintiffs* could have compelled Haywood to become a witness in the cause, the circumstance that *they* had not done so might also be considered by them.

Verdict in favor of Haywood; rule for new trial discharged; judgment, and appeal.

*Fuller* and *Merrimon*, for the appellant.

No counsel, *contra*.

READE, J.    His Honor charged the jury that, " If the con-

veyance were to pay a *bona fide* debt, it will be upheld though the debtor made it with a fraudulent intent." This cannot be maintained. We think it probable that the case does not state the charge with sufficient accuracy, because in another portion of it, we find the instruction to the jury was, that the conveyance would be good " against creditors if made for a *bona fide* debt, and without any fraudulent intent." We do not doubt that the impression which his Honor designed to make upon the jury was, that if the conveyance was to pay a *bona fide* debt, it would be upheld, although the *effect* of it was to hinder and delay other creditors, and although the *purpose of the debtor* was to prefer one creditor to another.

But, as stated in the case for this Court, the charge is so broad that we cannot sustain it. It is stated that there was evidence tending to show fraud, and his Honor instructed the jury that there were badges of fraud upon the conveyance itself; yet, notwithstanding all this, if the debt intended to be secured was *bona fide*, the conveyance must be upheld.

This is the same as to say that no conveyance to secure a *bona fide* debt can be fraudulent. And yet it is well settled, that a conveyance to secure a *bona fide* debt, or for a valuable consideration, will be fraudulent if made for the ease and favor of the debtor, or to hinder and delay creditors.

For this error there must be a new trial.

We think it proper to notice another exception, as it is one which may be taken in every case.

His Honor was asked to charge the jury, that, inasmuch as the defendant was a competent witness, the fact that he did not offer himself as a witness in his own behalf, authorized the jury to presume the facts against him. His Honor declined to give the instruction, but charged the jury that they might consider the circumstance, and give to it what weight they thought proper: as they might also consider the fact that the plaintiff might also have called the defendant as a witness if he had thought proper.

It has long been debated whether a party ought to be heard as a witness on either side. On the one side it has been

urged that it would be in aid of truth to allow the parties to testify, and on the other, that it would multiply perjuries, and perplex investigations. The latter has been thought the better view with us, until the 2nd of March 1866, when our statute made the parties competent witnesses. And now, upon the very beginning of this experiment, it is insisted that if a party will not do that which until lately was supposed to be improper, and which no party was allowed to do, and which the best men will in all cases hesitate, and in most, refuse as a matter of delicacy to do, the facts which he alleges to be true are to be presumed to be false! So that in every case, if a party be his own witness he must subject himself to the imputation of perjury, or, if he do not offer himself as a witness, he must subject himself to the imputation of concealing the truth. It would be venturesome in an experienced barrister thus to trifle with the intelligence of the jury, and quite monstrous in the Court thus to charge them. It is true as a rule of evidence, that where, in the investigation of a case, facts are proved against a party which it is apparent he might explain, and he withholds the explanation, the facts are to be taken most strongly against him.

So the misconduct of the party in suppressing, or destroying evidence which he ought to produce, or to which the other party is entitled,—such as the spoliation of papers and the like, warrants unfavorable presumptions against him. In a case where the finder of a lost jewel would not produce it, it was presumed against him to be of the highest value of its kind. But if the defendant has been guilty of no misconduct, and the evidence is of the delivery to him of the goods of the plaintiff, of unknown quality, the presumption is that they were of the cheapest quality. 1 Gr. Ev., sec. 37.

The omission of a party to call a witness who might equally be called by the other party, is no ground for a presumption that the testimony of the witness would have been unfavorable, *Scoville* v. *Baldwin*, 27 Conn. 316.

We certainly can allow no rule of evidence which inevitably, and in every case, puts a party in a false position before

DEVRIES & CO., v. PHILLIPS AND HAYWOOD.

the Jury. The propriety of a party's being a witness in his own behalf must depend upon the circumstances of each case, just as the propriety of introducing a son or other near relative must be.

The Court usually allows great latitude to counsel in the argument of cases. This is right; and the liberty is not often grossly abused. But it is an abuse of the privilege of counsel, to press extraneous and irrelevant matters before a jury; and when this is attempted, it is the duty of the Court to restrain it. In the case under consideration, his Honor not only could not have given the instruction asked for, but he ought to have restrained the counsel from the argument before the, jury, as calculated to pervert justice. It is not every prejudice which may be excited in an ignorant mind out of Court, which may be allowed to be excited in Court. Suppose, for instance, that a defendant is to be tried for his life, and to escape unreasonable prejudices in one county he removes his trial to another; the fact that he does so may be made to excite the prejudice that he is endeavoring to escape justice, and thus he would escape the prejudices of one community, to find them intensified in another. Would the Court allow the fact to be given in evidence or commented on by counsel? Of course not. In what does that differ from the predicament in which a party is placed who is to be assailed whether he does or does not offer himself as a witness?

We conclude that the fact, that a party does, or that he does not offer himself as a witness, standing alone, allows the jury to presume nothing for, or against him, and can only be the subject of comment as to its propriety or necessity in any given case, according to the circumstances, as the introduction or non-introduction of any other witness might be commented on.

PER CURIAM.                    There is error.