ELIZABETH JENKINS, Adm'x. of WM. JENKINS *v.* THE NORTH CAROLINA ORE DRESSING COMPANY.

Whatever is alleged in the complaint and not denied in the answer need not be proved.

It is discretionary with the Court to stop counsel at the time, who are making improper remarks to the jury, or to wait and correct the error in the charge.

Where counsel *grossly* abuses his privilege whilst addressing the jury to the *manifest prejudice* of the opposite party, it is the *duty* of the Court to stop him then and there; otherwise it is ground for a new trial.

Section 299, C. C. P., allowing appeals, applies only to "matters of law or legal inferences," and not to an order involving a mere discretion.

Whether a new trial ought to be granted because the verdict is against the weight of evidence, is a matter solely in the discretion of the Judge who tries the cause.

*State* v. *Williams, ante; Devries* v. *Haywood,* 63 N. C. 53, cited and approved.

Civil action for services rendered the defendant, and for work and labor done by the plaintiff's intestate, tried before *Cloud, J.,* at Spring Term, 1871, of ROWAN Superior Court.

The facts in this cause, and the exceptions to the rulings of his Honor sufficiently appear in the opinion of the Court.

*Blackmer & McCorkle,* for plaintiff.
*Bailey,* for defendant.

READE, J. I. It is objected by the defendant that the plaintiff did not prove that the defendant was a corporate body with power to contract.

It is alleged in the complaint, and not denied in the answer, and therefore need not be proved, that the defendant is a corporation. C. C. P. sec. 127. It is in evidence that the defendant had officers and was doing the corporate business of mining, and was making contracts and performing them, and that

is *prima facie*, if not conclusive, upon the defendant, that it had power to contract.

II. The plaintiff offered the testimony of one Mauney, that he had been employed by Van Nest, the president of the company, to pay off the hands working for the company ; that Van Nest told him to pay them off, and that he did so.

The defendant objected to this evidence. We think it was properly received. It was evidence that the defendant was holding itself out to the world as a corporation, with power to contract, &c.

III. The counsel for the plaintiff in his address to the jury, spoke of his client as a "poor widow," and of the defendant as a "wealthy corporation, attempting to cheat her out of her rights." The defendant's counsel, asked his Honor, to stop the plaintiff's counsel. His Honor did not interrupt the plaintiff's counsel at the time, but in his charge to the jury, he told them the poverty of the plaintiff had nothing to do with the case.

Zealous advocates are apt to run into improprieties; and it must generally be left to the discretion of the Judge, whether it bests comports with "decency and order," to correct the error at the time, by stopping or reproving the counsel; or wait until he can set the matter right in his charge.

It must often happen that the Judge cannot anticipate that the counsel is going to say any thing improper ; and it may be said before the Judge can prevent it, as in this case. The Judge could not know that the counsel was going to speak of his client as a "poor widow."

And then the question was, whether he was obliged to stop the counsel then and there, and reprove him, and tell the jury that they must not consider that, or whether he would wait and correct that, and all other errors, when he came to charge the jury. Ordinarily this must be left to the discretion of the Judge. But still it may be laid down as law, and not merely discretionary, that where the counsel *grossly* abuses his privi-

lege to the manifest prejudice of the opposite party, it is the *duty* of the Judge to stop him then and there. And if he fails to do so, and the impropriety is gross, it is good ground for a new trial.

In the case before us the impropriety was not gross; and it was somewhat provoked by the defendant's counsel; for he had spoken of the plaintiff's claim as "trumped up;" and in order to discredit one of her witnesses, who was also her surety, he had spoken of her poverty, &c.

It is difficult to lay down the line, further than to say, that it must ordinarily be left to the discretion of the Judge who tries the cause; and this Court will not review his discretion unless it is apparent that the impropriety of counsel was gross, and well calculated to prejudice the jury. An instance of which may be found in *State* v. *Williams*, decided at this term. See also, *Devries* v. *Haywood*, 63 N. C. 53.

IV. The defendant moved for a new trial upon the ground that the verdict was against the weight of the evidence. His Honor refused the motion.

The motion was a proper one for the consideration of his Honor.

It has always been understood to be within the province of the Judge who presides at a trial, to set aside a verdict which is *clearly* against the weight of the evidence, and grant a new trial. It is however a power which has been and ought to be cautiously and sparingly exercised. It has always been understood to be discretionary with the presiding Judge, and that the exercise of his discretion could not be reviewed in this Court. It is insisted, however, that under the C. C. P., sec. 299, an appeal does lie from the order of the Judge, allowing or refusing the motion. That section of the C. C. P., is as follows:

"An appeal may be taken from every judicial order or determination of a Judge of a Superior Court, upon or involving a matter of law or legal inference, whether made in or

out of term, which affects a substantial right, claimed in any action or proceeding; or which in effect determines the action and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial."

This clearly allows an appeal from an order *granting or refusing a new trial;* but still it must be an order " involving a matter of law or legal inference," and not an order involving a mere discretion. For instance, if, upon the motion for a new trial in the case before him, his Honor had said, the weight of the evidence is clearly against the verdict, and I would set the verdict aside, if I had the power, but I have no *power* to set the verdict aside for such a cause; or suppose he had said, I think the evidence sustains the verdict, but nevertheless the motion being made, I think the law compels me to set aside the verdict. In either of these cases an appeal would lie from the order, because the Judge had misconceived the *law.*

The order would involve a " question of law" as to the *power* of a Judge to set aside a verdict or to refuse a motion to set it aside. In such case this Court could review the order, and say that the Judge had the *power*, and then send back the case, for him to exercise his *discretion.* It would be strange if, after the Constitution has prohibited this Court from trying any issue of fact, we should be required by the Code to look into all the evidence, and determine whether the jury has found the facts correctly. And if we were not so prohibited, it would be almost impossible for us to do it, unless a *fac simile* of the trial could be made, not only of what the witnesses *said*, but how they *looked*, and what was their *behavior*, &c.

There is no error.

PER CURIAM,                        Judgment affirmed.

NOTE.—Justice Boyden having been of counsel, did not sit in this case.