THE STATE *v.* JAMES R. WILLIAMS.

A Judge has the power to stop an attorney who abuses his privileges in his comments on a witness and his testimony before the jury.

*Devries* v. *Haywood*, 63 N. C. 53; *Jenkins* v. *N. C. Ore Dressing Co.*, at this Term cited and approved.

This was an indictment for assault and battery tried before *Clarke, J.*, at Spring Term, 1871, of NORTHAMPTON Superior Court.

The defendant offered as a witness one Forrest, who having conscientious scruples as to swearing upon the Bible, was permitted to affirm as prescribed by law.

There was no evidence as to the place of nativity of the

witness, or the occupation in which he was engaged. In the argument of the cause, the Attorney who represented the Solicitor, attacked the credibility of said witness; commented on the manner in which he had been sworn, and said, " Will you give a verdict upon the evidence of this Pennsylvania yankee—this Rich-square, Grog-shop keeper ?"

The defendant's counsel here interposed, and asked the Court to restrain the prosecuting officer from making such remarks. The Court declined to interfere, remarking that while the Court did not approve of the remarks of the counsel, yet it was allowable in the latitude of debate, and the Court had no power to prevent it. Verdict of guilty. Rule, &c., Judgment and appeal.

*Attorney General* and *Batchelor*, for the State.
*D. A. Barnes*, for the defendant.

READE, J. The question is, whether his Honor had the *power* to stop the Solicitor for the State, when he was, in the opinion of his Honor, abusing his privilege in his comments on a witness and his testimony.

It is a power which is usually exercised sparingly, but nevertheless, it is a power which the Court possesses; and which ought to be promptly and firmly exercised, where the abuse is gross, as was the case here. It is especially proper to exercise the power in a criminal case, when the State is prosecuting one of its citizens, and should not allow the jury to be improperly prejudiced against him.

The question has been before this Court in the case of *Devries* v. *Haywood*, 63 N. C. 53, and in *Jenkins* v. *N. C. Ore Company*, at this Term.

There is error.

PER CURIAM.                              *Venire de novo.*