### A. MYERS *v.* J. T. HAMILTON.

A Judge of the 6th Judicial District has no power to vacate an order for claim and delivery of personal property, issuing out of a Court of the 3d Judicial District, unless he has been legally assigned to hold the Court of the County where the subject matter is pending.

*Wood* v. *Morris*, at this Term, cited and approved.

Motion to set aside an order of the Clerk of the Superior Court of Wayne County, granted in a civil action for claim and delivery of personal property, heard before *Watts, J.*, at Chambers, in WILSON County.

The plaintiff sued out process against the defendant, for claim and delivery of certain specified articles, from the Superior Court of Wayne.

The property was taken into possession by the Sheriff of Wayne County, and by him delivered to the plaintiff on the 29th of December, 1870.

On the 26th of May, 1871, after notice of the application to the plaintiff, his Honor, Judge Watts, ordered the plaintiff to re-deliver to the defendant, the goods mentioned in the proceedings, seized by the Sheriff of Wayne County, and heretofore delivered by him to the plaintiff. From which order the plaintiff appealed.

*Faircloth*, for the plaintiff.
No counsel for the defendant.

PEARSON, C. J. It is enough to notice one of several fatal objections, to the proceeding had before his Honor, Judge Watts. He had no jurisdiction to set aside an order made in the County of Wayne. *Wood* v. *Morris*, at this Term.

The reasoning in support of this conclusion, assumes that Judge Watts had jurisdiction in the two counties, for which he

had made an exchange with Judge Clarke, during the two weeks of the Court of each County.

This is a question about which we are not at liberty to express an opinion; and it is referred to, merely to "exclude a conclusion." The Constitution, art. 4, sec. 14, authorizes Judges to exchange Districts; it does not follow as a matter of course that Judges are thereby authorized to exchange one or two counties of their Districts, on the idea that "the greater includes the less;" for there are many grave considerations tending to a different conclusion, among others, the many difficult and perplexing questions, like the one now before us, which a splitting up of districts may give rise to.

The other branch of this section has no bearing on the question; by it, the Governor, for good reasons, "may require any Judge to hold one or more specified terms, in lieu of the Judge, in whose District they are." This has no reference to an exchange of one or more counties. There may be good reasons for requiring Judge A. to hold a special Term in a County of the District of Judge B., and no corresponding good reason for requiring Judge B. to hold a special Term in a County of the District of Judge A. So that provision does not bear upon our question.

There is error. Order appealed from reversed.

PER CURIAM.                                          Reversed.