## STATE v. CAMERON WATSON.

The Governor, under sec. 14, Art. IV, of the Constitution, can require a Judge of the Superior Court to hold a term of the court in a county not within his own district. And when the Governor so authorizes and empowers a Judge to hold such court, expressing in the commission that it is done with his consent, and under that authority, the Judge holds the court, as between the Judge and the suitors in the court, the consent and authority granted by the Governor is equivalent to a command.

(The case of *Myers* v. *Hamilton*, 65 N. C. Rep., 567, cited and commented on.)

INDICTMENT for *Larceny*, tried before SCHENCK, J., at the Spring Term, 1876, of the Superior Court of ANSON County.

The defendant was indicted for stealing ten pounds of bacon, and on the trial in the Court below was found guilty. His counsel moved in arrest of judgment, for the want of jurisdiction. Judge SCHENCK, presiding in the 9th Judicial District, had partially exchanged Courts with Judge BUXTON, of the 5th District, in which Anson County is included. This exchange was with the consent of his Excellency, Governor BROGDEN, who commissioned Judge SCHENCK to hold Anson Court.

The defendant's motion to arrest the judgment was refused by his Honor, whereupon the defendant appealed.

No counsel for the defendant in this Court.
*Attorney General Hargrove,* for the State.

RODMAN, J.    The defendant was convicted of larceny at
Spring Term, 1876, of the Superior Court of Anson (which
is in the 5th Judicial District), held by SCHENCK, Judge of
the 9th Judicial District, under a commission from the Gov-
ernor; and he therefore moved in arrest of judgment "for
want of jurisdiction," without specifying more particularly
the ground for the motion.    As the indictment is in the
usual form, and the defendant has no counsel in this Court,
we should have been at a loss to conjecture the ground; but
the Attorney General suggests that probably the supposed
ground is to be found in the language of the commission
under which his Honor Judge SCHENCK acted.    The com-
mission is addressed to Hon. D. SCHENCK, Judge of the 9th
Judicial District, and proceeds as follows:  "By virtue of au-
thority vested in me as Governor, &c., by section 14, of Art.
IV, of the Constitution, I hereby *consent* to a *partial exchange*
of circuits between Hon. D. SCHENCK, Judge of the 9th Ju-
dicial District, and Hon. R. P. BUXTON, Judge of the 5th
Judicial District, by which *exchange* and *consent* his Honor
Judge SCHENCK is authorized and empowered to hold the
Superior Courts in the said 5th Judicial District for the
Spring Term, 1876, in the counties of Anson and Rich-
mond.    In witness," &c.

The Constitution, Article IV, section 14, says:

1. "The Judges may exchange *districts* with each other
with the consent of the Governor.

2. And the Governor *for good reasons*, which he shall re-
port to the Legislature, &c., may *require* any Judge to hold
one or more specified terms of said Courts in lieu of the
Judge in whose district they are."

In *Myers* v. *Hamilton,* 65 N. C. Rep., 567, the question here
made, though not presented for decision, was noticed, and

an opinion was intimated that Judges could not exchange one or two counties even with the consent of the Governor, by reason of the many inconveniences that may result from such a practice. The meaning and policy of the Constitutution was evidently as here intimated. By the general rule Judges are confined to their respective districts. Two exceptions are made. They may exchange *districts* for their own convenience, but to provide against a detriment to the public, the consent of the Governor is required, which it is supposed he will not give if the public is to be injured or incommoded. Then to provide for the possible cases in which a Judge cannot, (as from sickness) or ought not, (as from being interested, or having been of counsel in certain cases, or other good reason,) to hold a certain term, which nevertheless the public good requires to be held, the Governor is authorized to *require* some other Judge to hold that term. The mandate of the Constitution is directed to the Governor, without whose commission no Court can be held by any Judge except in his own district. But how if the Governor shall consent to an exchange of one or two counties for any or for no reason, and shall commission a Judge to hold a specified term in a county out of his proper district? The question before us is : Can this Court, in such a case, hold the commission and the acts of the Judge nullities, on the ground that actions tried before him were *coram non judice ?*

As to the point that the Governor did not *require* Judge SCHENCK to hold Anson Court. We consider that when the Governor authorized and empowered the Judge to hold the Court, and the Judge under that authority held the Court, as between the Judge and suitors in the Court the authority was equivalent to a command. How it would be if the Judge in such a case should refuse to hold the Court, whether he would be punishable for a breach of duty, it is unnecessary for us to say.

That the reason assigned by the Governor in the commission is stated to be that the two judges had agreed to a partial exchange of districts, does not in our opinion avoid the commission. The Governor is not obliged to assign any reason in the commission, or to this Court. As to all the world, except the Legislature, he is the final judge of the fitness of his' reasons. It may be that he desired to accommodate the two Judges, and no public inconvenience occurred to him as probable. If so, *we* cannot say that the reason was insufficient; and that being insufficient it avoided the commission. By doing so we would clearly encroach on the executive duty and responsibility.

There is no error in the record.

Let this opinion be certified to the Superior Court of Anson, in order that it may proceed herein according to law.

