## STATE v. ISAAC H. SMITH.

A court below commits error in allowing a Solicitor, prosecuting for the State, to use such language as follows, in his address to the jury on the trial:

" The defendant was such a scoundrel that he was compelled to move his " trial from Jones county, to a county where he was not known;" and again:

" The bold, brazen-faced rascal had the impudence to write me a note " yesterday, begging me not to prosecute him, and threatening me that if I did, he would get the Legislature to impeach me."

Such language is calculated to create a prejudice against a prisoner, and when used before a jury on his trial, entitles him to a *venire de novo*.

(The cases of *Dennis* v. *Haywood*, 63 N. C. Rep., 53; *Jenkins* v. *N. C. Ore Dressing Co.*, 65 N. C. Rep., 563; and *State* v. *Williams*, Ibid, 505, cited and approved.)

INDICTMENT, for *Forgery*, tried before SEYMOUR, J., at Spring Term, 1876, of CRAVEN Superior Court, having been removed from the Superior Court of Jones County.

The facts necessary to an understanding of the case, as decided, are fully stated in the opinion of the Court.

There was a verdict of guilty and judgment thereupon, and the prisoner appealed.

*Attorney General Hargrove,* for the State.
*W. J. Clarke & Son,* for the prisoner.

BYNUM, J. It is necessary to notice only one of the defendant's exceptions, as upon that he is entitled to a new trial. The Solicitor, prosecuting in behalf of the State, in addressing the jury, was allowed by the Court to use the following language : " The defendant was such a scoundrel that he was compelled to move his trial from Jones County to a county where he was not known." And again : " The bold, brazen-faced rascal had the impudence to write me a note yesterday, begging me not to prosecute him, and threatening me that if I did, he would get the Legislature to impeach me."

The purpose and natural effect of such language was to create a prejudice against the defendant, not arising out of any legal evidence before them ; for the jury were precluded from enquiry into the causes or motives for moving the trial, and even from the knowledge whether the trial was moved by the State or the defendant. So in respect of the letter, alleged to have been received from the defendant, and the epithets predicated upon it ; it was not in evidence, and could not be, yet its alleged contents were allowed to go to the jury with all the force and effect of competent testimony. Such a letter constituted a new and distinct offence, and was the proper subject of another indictment and prosecution. These charges and invectives were not only allowed to go the jury, but were unexplained and uncorrected by his Honor in his charge to the jury. In *Dennis* v. *Haywood,* 63 N. C. Rep., 53, the course here pursued by the Solicitor is strongly reprobated. "Suppose," said the Court, "a defendant is to be tried for his life, and to escape unreasonable prejudices in one county he removes his trial to another, the fact that he does so may be used to excite the prejudice that he is endeavoring to escape justice, and thus he would

escape the prejudices of one community to find them intensified in another. Would the Court allow the fact to be given in evidence or commented on by counsel? Certainly not." So in *Jenkins* v. *The N. C. Ore Dressing Co.*, 65 N. C. Rep., 563, it is said : " Where the counsel grossly abuses his privilege to the manifest prejudice of the opposite party, it is the *duty* of the Judge to stop him there and then. If he fails to do so, and the impropriety is gross, it is good ground for a new trial." And in the *State* v. *Williams*, 65 N. C. Rep., 505, a new trial was granted in a case where language less harsh and violent was allowed by the Court ; and it was there said that it was the duty of the Court to interpose for the protection of witnesses and parties, especially in criminal cases, where the State is prosecuting one of its citizens. The defendant was arraigned at the bar of the Court mute and helpless, without raising an unseemly controversy with the Solicitor. The Court is his constituted shield against *all* vituperation and abuse, and more especially when it is predicated upon alleged facts not in evidence, or admissible in evidence.

There is error.

PER CURIAM.　　　　　　　　　　　　*Venire de novo.*