JULIA A. COBLE and others v. DAVID COBLE, Adm'r.

*Privilege of Counsel—Address to Jury.*

1. It is not within the privilege of counsel in argument to a jury, to use language calculated to humiliate and degrade the opposite party in the eyes of the jury and by-standers, particularly when he has not been impeached.

2. Where, on the trial below, a witness for plaintiff had been impeach-

ed by the testimony of defendant and plaintiff's counsel said in addressing the jury "that no man who lived in defendant's neighborhood could have anything but a bad character; that defendant polluted everything near him, or that he touched; that he was like the upas tree shedding pestilence and corruption all around him;" *Held*, that the defendant was entitled to a new trial.

(*State* v. *Smith*, 75 N. C. 306 ; *Devries* v. *Haywood*, 63 N. C. 53 ; *Jenkins* v. *Ore Co.*, 65 N. C. 663; *State* v. *Williams*, Ib. 505; *State* v. *Underwood*, 77 N. C. 502, cited and approved.)

CIVIL ACTION tried at Spring Term, 1878, of GUILFORD Superior Court, before *McKoy, J.*

The facts appear in the opinion. There was judgment for the plaintiffs in the Court below and the defendant appealed.

*Mr. Thomas Ruffin,* for plaintiffs.
*Messrs. Scott & Caldwell,* for defandant.

BYNUM, J. The argument and exhaustive brief of *Mr. Ruffin* have convinced us that the law and merits of the case are probably with the plaintiffs, and it is with reluctance that we are compelled to withhold an affirmation of the judgment rendered below, and to award a *venire de novo.* But in the conduct of the trial before the jury, there has been such a gross abuse of the privileges of an attorney to the manifest prejudice of the defendant, that we can not refuse him a new trial without a clear departure from a well considered line of decisions of this Court.

We extract from the case so much of it as is necessary to present the question to be determined : " Plaintiffs' counsel in his concluding speech to the jury commented on the character of the defendant in language of denunciation ; among other things, in speaking of the character of plaintiffs' witness, D. S. Coble, who had been impeached by the testimony of the defendant, he said, 'that no man who had lived in defendant's neighborhood could have anything but a bad character; that defendant polluted every thing near him,

or that he touched; that he was like the upas tree, shedding pestilence and corruption all around him.' The defendant's counsel objected during these utterances to these comments, upon the ground that the character of defendant had not been impeached, and that he had not been offered as a witness except by the *plaintiffs*," who had used his written testimony in their own behalf.

Upon the argument here it was admitted that this was irregular, but it was insisted that it would not entitle the defendant to a new trial, unless it clearly appeared that his cause was thereby prejudiced, and that it was impossible such could have been the case because there was but a single issue that was left finally to the jury, to wit, whether the Shaw land was purchased with the plaintiffs' money, and as to that one the defendant was not examined, nor did his written evidence relate thereto, and could have had no weight one way or the other with the jury in determining the single issue submitted. This is the excuse. To use it seems an aggravation of the offence, for it admits that there was not and could not have been a single ground for the derogatory assault upon the defendant. It was therefore unprovoked and wanton, and could have been resorted to for the single purpose only of prejudicing his cause before the jury,—the verdict must be carried by denouncing the man— and it was carried. Some allowance should be made for the zeal of counsel and the heat of debate, but here, the language and meaning of counsel were to humiliate and degrade the defendant in the eyes of the jury and by-standers—a defendant who had not been impeached by witnesses, by his answer to the complaint, or by his conduct of the defence, as it appears of record. Such an assault is no part of the privilege of counsel and was well calculated to influence the verdict of the jury. The defendant's counsel interposed his objection in apt time and upon the instant, but they met with no response from the

Court, and for this error there must be a *venire de novo.* *State* v. *Smith,* 75 N. C. 306; *Devries* v. *Haywood,* 63 N. C. 53; *Jenkins* v. *The N. C. Ore Dressing Co.,* 65 N. C. 563; *State* v. *Williams,* 65 N. C. 505; *State* v. *Underwood,* 77 N. C. 502.

Error.                                          *Venire de novo.*