R. H. CANNON v. JOHN M. MORRIS.

*Statute of Presumptions—Acts Suspending—Evidence.*

1. The acts suspending the statute of presumptions do not apply to a debt contracted in March, 1866.
2. It is not proper to consider, on an appeal from a justice's court, a written statement of the plaintiff's testimony before the justice which that officer had appended to the transcript sent to the superior court, when the plaintiff is present at the trial in the latter court and able to testify, if competent.
3. Under the act of 1879, ch. 183, it is not admissible for the plaintiff to prove by his own oath or to examine the defendant to prove the nonpayment of a bond in suit executed prior to the first day of August, 1868.
4. Where an attorney abuses his privilege in addressing the jury and the judge promptly stops him, a new trial will not be granted.

(SMITH, C. J., *Dissenting.*)

(*Jenkins* v. *Ore Co.*, 65 N. C., 563, cited and approved.)

CIVIL ACTION, tried at Spring Term, 1879, of MACON Superior Court, before *Gudger, J.*

The facts appear in the opinion. Judgment for defendant, appeal by plaintiff.

*Messrs. A. T. & T. F. Davidson,* for plaintiff.
*Messrs. Reade, Busbee & Busbee,* for defendant.

ASHE, J. This is an action commenced before a justice of the peace in the county of Macon upon a note under seal for the sum of two hundred and eleven dollars, due one day after date and dated March 5th, 1866, with a credit of one hundred dollars endorsed on the 6th of August, 1866. Judgment was rendered by the justice in favor of plaintiff for two hundred and sixty-seven dollars and sixty-seven cents, with interest on one hundred and sixteen dollars and ninety-seven cents from the 26th day of September, 1878, and costs, from which judgment the defendant appealed to the superior court.

The pleas were payment and the statute of limitations. The case was submitted to a jury, who found all the issues in favor of the defendant. . There was a rule for a new trial, rule discharged, and the plaintiff appealed to this court.

The action was commenced in the justice's court on the 26th of September, 1878, and is founded on a bond falling due since the 1st of May, 1865, and the presumption of its payment arises by virtue of section 18, chapter 65, of the Revised Code, whose provisions are still applicable to contracts of this character. By that section the presumption of payment arises on all judgments, decrees, contracts and agreements, within ten years after the cause of action shall accrue. The 16th section of title four of the code of civil procedure provides that the statutes (of limitations and presumptions) in force previous to the ratification of that act, the 18th of August, 1868, shall be applicable to cases where

the right of action had already accrued. The presumption of payment then on this bond arose in ten years after it fell due, when the right of action accrued, and it is not affected by the act of 12th of February, 1867, ch. 18, which provides that the time elapsing from the 20th of May, 1861, until the 1st of January, 1870, shall not be counted so as to bar actions on suits, or to presume satisfaction of suits; for it was declared by the act of March 2nd, 1867, that the provisions of that act should not apply to debts or matters *ex contractu* created since the 1st day of May, 1865.

In order to rebut the presumption of satisfaction of the bond, the plaintiff offered to read a written statement of his testimony before the justice of the peace, which that officer had appended to the transcript sent to the superior court, to the effect that the bond had not been paid, but His Honor upon objection refused to hear the evidence, to which ruling the plaintiff excepted.

We cannot conceive upon what ground it was proposed to introduce that statement as evidence. Whether it is to be regarded as the testimony of a witness on a former trial or a deposition, in either case it would be inadmissible, supposing the witness to be competent, so long as he can be called; and he is incapable of being called when he is dead, or beyond the jurisdiction of the court, or insane, or permanently sick, or kept out of the way by the contrivance of the opposite party. 1 Taylor on Ev., § 440.

The plaintiff then offered to prove by his own testimony that the bond had not been paid. His Honor refused to admit the testimony, and he then proposed to examine the defendant and prove that fact by him, but there was objection on the part of defendant and his Honor declined to allow the motion, and the plaintiff excepted to the ruling upon both propositions.

The plaintiff and defendant were incompetent witnesses for the purpose for which the plaintiff proposed to introduce

them. They were made incompetent by the act of 1879, ch. 183, which provides that no person who is a party to a suit now existing or hereafter to be commenced upon any bond for the payment of money, executed previous to the first day of August, 1868, shall be a competent witness, but the rules of evidence in force when said bond was executed shall be applicable to said suit.

There was still another exception taken by the plaintiff: In the argument of the case before the jury, defendant's counsel referred to the fact that the plaintiff's counsel was the son-in-law of the plaintiff, and stated that the zeal manifested by him arose from the fact that he was a beneficiary in the action. The court instantly stopped the counsel and informed him he could not use such language, and he at once desisted; yet the plaintiff excepted. There is nothing in the exception. The court promptly stopped the counsel in the abuse of the privilege of an attorney, and having done so, the court discharged its duty under the law, and there was no ground for a new trial. *Jenkins* v. *N. C. Ore Co.*, 65 N. C., 563. There is no error.

No error.                                        Affirmed.

SMITH, C. J., dissented from the majority of the court in the ruling upon the point of evidence.