Verdict of guilty, judgment, appeal by defendant.
In the argument of the case by the state's counsel, he spoke of the defendant as a "fiend," which language was objected to by defendant's counsel, and His Honor then said to the counsel that it was not proper to use abusive epithets about the defendant, though some latitude was often allowed counsel in characterizing the conduct of a defendant as testified to by witnesses, and directed the *Page 694 
counsel to desist from the use of such language, and told the jury they must not be influenced by it.
The jury returned a verdict of guilty. The defendant then moved for a new trial. His motion was overruled and he appealed to this court.
The language which is the ground of exception in this case was an abuse of the privilege of an attorney; and in such cases the law requires the judge to stop the counsel and see that no prejudice is done the defendant by the use of the objectionable language. But it is left to his discretion whether he would stop him then and there, or wait and correct it in his charge to the jury. If the language is very gross, it ought to be stopped at once. Cannon v. Morriss, 81 N.C. 139; State v. Matthews, 80 N.C. 417;State v. Caveness, 78 N.C. 484; Jenkins v. Ore Co., 65 N.C. 563.
The judge fully discharged his duty in this case. As soon as the language was used and objection made, he not only then and there directed the counsel to desist, but in his charge told the jury they must not be influenced by it. This was doing all he could and all the law required. There is no error. Let this be certified that further proceedings may be had according to this opinion and the law.
No error. Affirmed.