Minshall, J.
The action below was a suit brought by Treca A. Jacobs against the defendants, Warder, Bushnell & Glessner Co., to recover the possession of certain personal property that had been taken in execution on a judgment that had been rendered in their favor against the husband of the plaintiff, the wife claiming to be the owner of the property. The attorney for the plaintiff in the course of his argument to the jury as shown by the record, used the following language: “Gentlemen: The plaintiff is a poor woman. Your verdict against her will mean much, very much, but to the defendants, with all their wealth, residing in their magnificent castles in the city of Springfield, a verdict against them does not hurt them. ” To which remarks as the record says, the defendants “then and there objected and excepted. ” This is all the record discloses in regard to the matter, other than, that, after a verdict for the plaintiff, a motion for a new trial was made on this among other grounds, which was overruled by the court and judgment rendered on the verdict. A bill of exceptions was taken and made a part of the record, showing the matters above stated. It also contained the evidence given at the trial; but as nothing is claimed from the evidence, it has been omitted in the printing of the record. The judgment was affirmed on error by the circuit court. The only ground for a reversal relied on in this court, is the misconduct of plaintiff’s counsel in using the words to the jury above stated.
*81 Certainly these remarks were of the most reprehensible character; and it is a matter of some surprise that counsel should so far forget himself in argument to the jury as to commit such a breach of his privilege as is shown by the words used in this case. No heat of argument, nor zeal for his client, can be admitted as a palliation of such an offense against the fair administration of justice. But the question arises whether, upon this record, anything appears from which this court can say there is error in the judgment for which it should be reversed. It is a settled principle of practice in all reviewing courts, that the error for which a judgment may be reversed, must affirmatweVy appear on the face of the record. From the record before us it simply appears, that these observations were made by counsel for the plaintiff to the jury, and that counsel for the defendants then and there “objected and excepted. ’ ’ From this we readily infer that counsel “objected” to the remarks of the opposing counsel, as he had an undoubted right to do. But to what did he “except.” An exception is not to the act of a party but to that of a court in ruling on an objection. What the court did in this matter is not disclosed by the record. The court may at once have reproved the counsel and instructed the jury, in the most positive terms, not to regard the remarks of counsel in arriving at their verdict. To this the defendant could not have excepted, or if he did, the exception would be unreasonable and of no avail. If the court took no notice of the objection, or overruled it/ then the defendants might reasonably have excepted ; and such action of the court would have been a clear ground of error, for which the judgment should be reversed. *82 But, inasmuch, as the record is silent as to what the court did, we are not permitted to assume that it did what it should not have done; on the contrary, the only presumption we are permitted to make, in such ease, is, that the court performed its duty in the premises — reproved the counsel and properly instructed the jury at the time. If he did not, and a review of its action is desired, the party excepting must cause the record to show what the ruling of the court was, otherwise it cannot be said to affi/i'matively appear that the court committed error.
But it is argued .that the language used, being in the nature of misconduct of the prevailing party, no objection or exception was required at the time the offense was committed. Admit this to be true, it does not dispense with the necessity of the record showing what was done at the time or afterwards by the court. If no notice was taken of the remarks by the court, on objection of the defeated party, to make a case for review, the record should show this fact to constitute error.
The evidence is not before us, so that the question presented is, whether, where a record shows that improper remarks were made by counsel of the prevailing party to which objection was made at the time, but does not show the ruling of the court, should the verdict and judgment thereon be set aside and reversed as a matter of course? We think not. For, in such case, for ought that appears, the court severe^- reproved the remarks of counsel, directed the jury not to regard them, and the evidence may show a clear case for a recovery on the part of the prevailing party, notwithstanding the offense of his counsel. As much as we reprehend such practice in counsel, *83 we are not prepared to say that the use of such language may not be so far corrected by the court by the reproof of counsel and instruction to the jury, as, in a clear case upon the evidence, to warrant the court trying the case to sustain the verdict rendered.
A number of cases has been cited by counsel for plaintiff in error; but none of them, nor do we know of any that would, warrant the court in reversing the judgment in this case on the state of the record. We will notice these most confidently relied on. In Tucker v. Heinsicker, 41 N. H., 317, the court had permitted counsel for the plaintiff to comment on facts not in evidence. This was shown by the record, and the judgment was properly reversed by the Supreme Court. In Coble v. Coble, 79 N. C., 589, counsel for the plaintiff had severely denounced the character of the defendant without any evidence having been introduced with respect to his character. The judge, delivering the opinion, says, “The defendant’s counsel interposed his objection in apt time and upon the instant, but they met with no response from the courty ” and for this reason the judgment was reversed and a new trial awarded. In Willis & Bro. v. McNeill, 57 Texas, 465, the court permitted defendant’s attorney to discuss the wealth of the plaintiff as relevant to the damages that should be awarded, and this was held to be error. In Kinnaman v. Kinnaman, 71 Ind., 417, the court, trying the ease, granted .a new trial for remarks made by counsel in his closing argument, though no objection was interposed by opposite counsel at the time. This was assigned for error. But the court on review said, “The court had a better opportunity of judging as to the probable effect of *84 the improper remarks of counsel than we have, and we can by no means say that any error was committed in granting a new trial.”
It is evident that none of these cases are in point. All but the latter one are simply to the effect that the court erred in permitting the objectionable remarks to be made to the jury; and the error of the court in this regard appeared upon the record. In the case of Kinnaman v. Kinnaman, the trial judge was of course necessarily familiar with the circumstances and the evidence, and so in a position to judge whether a new trial should be granted. If, in this case, the trial judge had granted a new trial for the misconduct of the plaintiff’s attorney, it is not likely that this court would have disturbed his ruling, In Jones v. State, 20 Ohio R., 34, 47, it was assigned for error that the prosecutor commented injuriously upon the character of the defendant, when the same had not been put in issue and the prosecutor claimed it as a matter of just inference. Hitchcock, J., severly condemned such practices in attorneys, but said, There is nothing to show that there was any action of the court upon this subject at all. All that appears is, the counsel for the prosecution commented upon the character of the accused, and claimed that he had a right so to do. Whether he had such right was not made a question to the court.” This recognizes the true rule. The court must have committed error; and this must affirmatively appear from the record.
No case has been found that goes to the extent of holding that remarks of counsel, however improper, necessarily vitiate any verdict that may be rendered in favor of his client, irrespective of the action of the court and the evidence in the case. *85 If upon the law and the evidence a party is clearly entitled to a verdict, it would seem like rather drastic practice to deny him the right to it for the fault of his attorney in addressing the jury. There is a more appropriate mode for punishing an attorney for such professional misconduct, than, by visiting his fault upon his client, who in right and justice may be entitled to a verdict. On the other hand, it is proper to say, that where remarks have been made not g-ermane to the case, and calculated to arouse prejudice, or awaken undue sympathy, the case should be a very clear one on the evidence to warrant the court in disregarding them on a motion for a newtrial. If, on a consideration of the whole ease, there is room for doubt, whether the verdict was rendered upon the evidence, or may have been influenced by improper remarks of counsel, that doubt should be resolved in favor of the defeated party. But, as said, we are not, from the state of the record, in a position to pass upon this question; and the judgment is, therefore,
Affirmed.