Barber Bill, impleaded with Samuel Carr, Plaintiff in Error, *v.* The People, Defendants in Error.

ERROR TO THE RECORDER'S COURT OF THE CITY OF CHICAGO.

Where there is a conflict of testimony, the decision as to its effect, should be left to the jury.

A judge, in a criminal trial, should not express an opinion as to the facts of the case, which may influence the action of the jury.

A court may properly correct counsel when they mistake the evidence, or assume as facts what is not proved.

Samuel Carr, Catharine Carr, and Barber Bill, were indicted for unlawfully, feloniously, forcibly, and by intimidation, making an assault upon, and then and there one bank bill of the value of five dollars, did of the personal goods of one S. C., rob, &c. On the trial of the cause, it appeared that a dispute arose about the purchase of 'a bottle of champagne, which S. C. refused to pay for; Barber Bill threatened S. C. with violence, unless he would pay for the wine; that he then gave a five dollar bill to pay for the wine; that Mrs. Carr came into the room at this juncture, &c. The question in controversy was as to the point of time when Mrs. Carr entered the room where the dispute arose.

In the course of the argument for the defendants, their counsel stated to the jury that the evidence was, that the defendant, Catharine Carr, did not come into the bar room where the scene described by the witnesses occurred, until after the time the prosecuting witness had laid the money on the counter of bar; when the court interrupted the counsel, and stated to him, in the presence and hearing of the jury, that such was not the evidence in the case.

Barber Bill sued out this writ of error. The cause was tried at July term, 1853, of the Recorder's Court for Cook county, R. S. Wilson, presiding.

PHELPS and McGIRR, for plaintiff in error.

WALLACE, for the people.

TREAT, C. J. The counsel for the prisoner had a clear right to insist before the jury, that Mrs. Carr did not go into the room where the alleged robbery was committed, until the prosecutor had laid the money on the counter. The witness Burk swore expressly that such was the fact; and she was flatly contradicted by the prosecutor. This conflict of testimony presented a question for the decision of the jury. It was for them, and not the court, to determine which of the witnesses was to be believed. The court erred in saying to the counsel, in the presence and hearing of the jury, that there was no evidence showing that Mrs. Carr went into the room after the prosecutor had deposited the money on the counter. It was expressing an opinion as to the facts of the case, which may have influenced the action of the jury, and thereby have operated to the prejudice of the prisoners. It may have had the same effect upon the jury, as if the court had directed them to disregard the testimony of Burk altogether. As her statements, if true, sustained the counsel's position, the jury would naturally conclude from the remark of the judge, that he regarded the witness as unworthy of credit. It is peculiarly the province of a jury to pass upon the credibility of a witness. A court may properly correct counsel when they mistake the evidence, or assume as facts what is not proved; but there was no occasion for any such interference in this case. There was testimony tending to sustain the position taken by counsel; and it was the right of the prisoners to have it considered by the jury.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*