THE STATE v. LEE, *Appellant.*

1. **Evidence**: CRIMINAL PRACTICE. The written report of the testimony of a witness taken before a committing magistrate, is not admissible as evidence on a criminal trial at which the witness is present and testifies, when not offered either to impeach the witness or to refresh his memory, but as independent testimony.

2. **Threats.** Evidence of threats made by the deceased against the prisoner, held to have been improperly excluded, (following *State v. Alexander, supra,* p. 148.)

3. **Practice**: ATTORNEY'S ARGUMENT. A court should not permit an attorney, either in a civil or criminal case, to state in his argument to the jury material facts of which no evidence has been given.

*Appeal from Webster Circuit Court.*—HON. R. W. FYAN, Judge.

At the trial defendant offered to prove by a witness that one Hayhurst, who was on friendly terms with Humphreys, in the November before Humphreys' death, came to the witness and told him that Humphreys said to him, Hayhurst, that if Dick did not quit talking about him, he, Humphreys, would bring grief, sorrow and desolation on the "hill." Defendant offered to prove that the Dick referred to was defendant, and that the hill referred to was the home of the witness, with whom defendant was living, and also to prove that Hayhurst told witness to caution defendant, and to tell defendant to be on his guard and on the lookout, and that the witness informed defendant of what Hayhurst had said, and warned defendant to be on the lookout for Humphreys, and to be very careful of Humphreys.

Defendant also offered to prove by another witness, that in November, 1874, he heard Humphreys say he would yet fix defendant, and that Humphreys, about the same time, threatened to kill defendant, and offered to prove that Humphreys entertained ill feelings against defendant up to his, deceased's, death, and to prove other threats of like char-

acter made by Humphreys against defendant. But the court excluded the evidence.

*John O'Day* for appellant.

The court erred in excluding the threats made by deceased to kill defendant, and communicated to defendant through witnesses, Drury Lee and Hayhurst. These threats were not so remote as to be inadmissible as evidence. They were made in October, and homicide was in January following. The evidence is uncontradicted, that the ill-feeling continued down to the time of the death of deceased. There was no reconciliation. It is no objection that it was hearsay that Hayhurst informed the defendant's father and he, defendant. It matters not whether the threats were made or not, (although it is not denied but what they were). One object in proving communicated threats is to show the state of mind of the accused, and the apprehensions under which he acted. Threats produce the same effect on the mind of the accused, whether true or not, provided he believe his informant.

For the refusal of the court to permit defendant to prove the threats made by deceased to kill defendant, this case should be reversed. *Keener v. State,* 18 Ga. 194; *Stokes v. People,* 53 N. Y. 175; *Holler v. State,* 37 Ind. 57; *Dukes v. State,* 11 Ind. 557; *People v. Scoggins,* 37 Cal. 677; *Campbell v. People,* 16 Ill. 17; *People v. Arnold,* 15 Cal. 476; *Cotton v. State,* 31 Miss. 504; *Westey v. State,* 37 Miss. 327; *Rippey v. State,* 2 Head (Tenn.) 217; *Monroe v. State,* 5 Ga. 85; *Carico v. Commonwealth,* 7 Bush (Ky.) 124; *Franklin v. State,* 29 Ala. 14; *State v. Tackett,* 1 Hawks (N. C.) 210; *Hurd v. People,* 25 Mich. 405; *Pritchett v. State,* 22 Ala. 39; *State v. Elkins,* 63 Mo. 159.

The court should not have permitted the prosecuting attorney to go outside of the record in making the closing argument to the jury. *Loyd v. Hann. & St. Joe R. R.,* 53 Mo. 509.

*J. L. Smith,* Attorney-General, for the State.

The threats made by deceased to one McAdam against defendant in November, 1874, about three months before the killing, and not communicated to defendant prior to the shooting, were very properly excluded. *State v. Keene,* 50 Mo. 357; *State v. Sloan,* 47 Mo. 604.

HENRY, J.—The defendant was indicted for the murder of George Humphreys on the 20th of January, 1875, and was convicted of manslaughter in the second degree. On the trial of the cause, Mrs. Humphreys, widow of the deceased, was called as a witness for the State, and after she had testified, the State, against objection of defendant, was permitted to read as evidence to the jury her testimony taken before the justice of the peace on the preliminary trial of the accused. It certainly needs neither argument nor citation of authorities to show that such evidence was inadmissible, and upon what principle it was admitted we are at a loss to conjecture. It could not have been to impeach her, for she was the State's witness. It could not have been used to refresh her memory, for it was read to the jury, and this after she had concluded her testimony. A deposition in a civil suit would not have been admissible under such circumstances.

The evidence of threats made by deceased against the accused, was competent evidence, and the court erred in excluding it from the jury. *State v. Alexander,* p. 148, *ante* decided at this term, and cases there cited.

The prosecuting attorney, in his closing address to the jury, made the following remarks : "Defendant's attorneys know the law. Why did they not prove defendant's good character? He had not a good character, therefore they dare not attempt to prove defendant's good character. They could not do it, and dare not attempt to do it." A prosecuting attorney gets out of the line of his duty when, in his argument to the jury, he makes a statement of a ma-

terial fact, not proved. The State would not have been allowed to prove the fact which he volunteered to state to the jury, unless the accused had introduced evidence to show that he bore a good character, and the court should not have permitted the remarks of the attorney to pass without a rebuke, which would have taken from them their sting. A proper rebuke would probably have cured the error. Such conduct of a prosecuting attorney was condemned in the case of *The State v. Kring,* 64 Mo. 591, and will be as often as it is properly brought to the notice of this court. It should not be tolerated in civil proceedings, and will not be in criminal cases. It is not necessary to place the reversal of the judgment herein on that ground, and therefore, we will not determine whether of itself, it would be a sufficient ground for reversal, but trust that we shall have no occasion again to consider the question.

We shall not notice the other errors complained of but for the errror committed in permitting the State to supplement the evidence of Mrs. Humphreys, with her testimony taken before the committing magistrate, and in refusing to permit the accused to prove the threats made against him by the deceased; the judgment is reversed, and the cause remanded. All concur.

REVERSED.