THE STATE v. EMORY, *Appellant.*

1. **The** application for continuance in this case was properly overruled.

2. **Instructions**: MOTION FOR NEW TRIAL. When the motion for new trial does not call the attention of the trial court to any misdirection of the jury, this court will not look into the instructions.

3. **Newly Discovered Evidence**, if merely cumulative, furnishes no ground for a new trial.

4. **Remarks of Prosecuting Attorneys.** At every term of this court the changes are rung on improper remarks made by prosecuting attorneys. It is high time that this "point, no point," should cease to be pressed upon the attention of the court.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Albert Burgess* for appellant.

*D. H. McIntyre*, Attorney General, for the State.

SHERWOOD, J.—The defendant was indicted for the crime of robbery, and on trial had was convicted and sentenced to the penitentiary for the term of fifteen years.

## I.

On the case being called the State announced ready for trial, but defendant said he was not ready, because of the absence of a material witness—one Morfield—who lived in the city, who had not been subpœnaed although the defendant had been arrested for the robbery some two months, and the indictment had been found some three weeks before the trial occurred. The defendant's application for continuance, which seems to have been verbal, was very properly overruled, as not the faintest show of diligence appears. The court, however, ordered a subpœna for the witness, and when the subpœna was served and the witness in response thereto appeared in court, the trial was proceeded with. And as no ground appears why the action of the court was incorrect in refusing to delay the trial, until the defendant's counsel could "interview said witness," we must assume that the court did not err in the course which it pursued. Besides all this, the defendant did not put Morfield on the stand when he came, but the State did. We have never seen any point made in this court so lacking in merit as is this.

## II.

As the motion for new trial did not call the attention of the court to the supposed misdirection of the jury we cannot look into the instructions. *State v. Preston*, 77 Mo. 294, and cases cited.

## III.

As to the ground mentioned in the motion for new trial respecting newly discovered evidence, there is nothing in the record to support that motion, and therefore the

rules laid down in such cases had not been complied with. *State v. Ray*, 53 Mo. 345, and cases cited.

## IV.

Concerning the remarks made by the Circuit attorney, they were rebuked by the court, and if they had not been, we are not prepared to say that we would reverse the judgment because of them. *State v. Zumbunson; State v. Dickson*, 78 Mo. 438. The subject of those remarks and the substance thereof was the failure of the defendant, after having had the witness subpœnaed, to place him on the stand, because he knew he was guilty of the charge and was afraid he would be condemned if he did, etc. We see no reason why it is not as legitimate for the state to call the attention of the jury to facts from which unfavorable inferences may be drawn, as it is for any other suitor in the courts. Prosecuting attorneys are now so " cabin'd, cribb'd, confin'd," that they are really afraid to make an effective speech; to indulge in just and fierce invective against a criminal, lest if a verdict be won for the state the judgment will be reversed. Every term of this court the changes are rung on improper remarks made by the prosecuting attorney. It is high time that this " point, no point " should cease to be pressed upon our attention.

## V.

The jury assessed the punishment at fifteen years in the penitentiary. They were the best judges of the amount of punishment to be inflicted. The law has confided that matter to them. Therefore judgment affirmed; all concur; Henry J. in the result.