## RITTER v. THE FIRST NATIONAL BANK OF SPRINGFIELD, *Appellant.*

1. **Practice**: EVIDENCE. It is error to admit incompetent testimony which has a tendency to corroborate a party in an immaterial and unimportant particular and to draw away the minds of the jurors from the point in issue.

2. ———: EXCLUSION OF EVIDENCE: REMARKS. OF COUNSEL. Counsel should not be permitted, over objection of the opposite party, to comment upon excluded testimony in argument to the jury and to treat it as evidence in the case ; and it is error, in such case, for the court to fail to rebuke counsel, and, at the request of the injured party, to again, in writing, exclude such testimony from the jury.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

REVERSED.

*James R. Vaughan* for appellant.

*Goode & Cravens* for respondent.

(1) The evidence of. Martin was admissible in chief as part of the *res gestæ. Tompkins v. Saltmarsh*, 14 Serg. and Rawle, 275 ; *Boyden v. Moore*, 11 Pick. 362 ; *Harriman v. Stowe*, 57 Mo. 93 ; *Ross v. Bank*, 15 Am. Dec. 669. (2) Martin's evidence was certainly admissible, being drawn out on cross-examination, and should not have been excluded. (3) Whether it was admissible

at all or not, the comments of an attorney upon it in the opening argument afford no grounds for a reversal of the case. (4) It was not reversible error to allow Martin to testify that he came to town with Ritter on the twenty-third of December. The admission of irrelevant testimony which could have worked no injury will be disregarded. *Blair v. Corby*, 29 Mo. 480; *Picker v. Haidorn*, 30 Mo. 90.

SHERWOOD, J.—Plaintiff brought this action for the sum of two hundred dollars, alleged by him to have been deposited with the defendant corporation. The answer was a general denial. There was testimony on behalf of plaintiff tending to support the allegations of his petition, and testimony on the part of defendant to a contrary effect; and from the evidence adduced the jury could as well have found in favor of the defendant as in favor of plaintiff, and the finding was in favor of the latter.

The instructions given by the court presented the matters in issue very fairly to the jury, and thus obviate any nece ssity for discussing those instructions which the court re used, at defendant's instance, to give. But there w s error in permitting Martin, a witness for the plaintiff, to testify that he came to town with plaintiff on Saturday, the twenty-fourth day of December, 1881. But the court refused to let the witness testify the purpose for which he came to town with plaintiff. The answer of the witness was in response to the question asked by plaintiff's counsel, whether witness went to the First National Bank with plaintiff for the purpose of drawing some money, and required him to state the day of the week and the day of the month, and whether the bank was closed. Defendant's counsel objected to any answer at all being given to the question. The court should have refused to let the witness answer any portion of the question. It was clearly incompetent and could have

but the tendency to corroborate the testimony of plaintiff in an immaterial and unimportant particular, to-wit, whether he and the witness went to town and to the bank on a certain day, and to draw away the minds of the jurors from the point in issue. 1 Greenleaf's Evidence, section 52 ; *State v. Brassfield*, 81 Mo. 151.

In addition to the above, counsel for plaintiff, in his opening argument, was permitted by the court, over the objection of defendant's counsel, to comment before the jury on the testimony of Martin as to plaintiff's statement to him, on the twenty-third of December, 1881, that he, plaintiff, had dropped two hundred dollars in defendant's bank and would let him have some of that. This testimony had been excluded by the court at the time it was given. But, notwithstanding this exclusion, plaintiff's counsel was permitted, without rebuke from the court, to comment on the excluded evidence and say to the jury that it was "strong testimony for plaintiff." The court should thereupon have rebuked counsel, and should then and there, in writing, as was requested by defendant's counsel, have again excluded the testimony of Martin from the jury. This action of the court, in failing to rebuke plaintiff's counsel, could but have been regarded by the jury as giving sanction to the statement of counsel that the evidence, which had been excluded, was still evidence for their consideration. *State v. Rothschild*, 68 Mo. 52 ; *State v. Jaeger*, 66 Mo. 173.

This court, while permitting great freedom to counsel in addressing juries (*State v. Emory*, 79 Mo. 461), has always frowned upon any attempt to mislead them by stating that certain material facts were in evidence when this was not the case. *State v. Lee*, 66 Mo. 165. Quite recently a similar course of conduct on the part of counsel was pointedly condemned by Norton, J., speaking for the court, in the case of *State v. Barham*, 82 Mo. 67.

In the present instance, the improper course pur-

sued by counsel in this regard may have turned the scale in plaintiff's favor, as the evidence in his behalf was scarcely so strong as that on behalf of defendant; indeed, it may be said, considering the circumstances of the case, the habits of the bank and its employes, etc., its keeping books which show no deposit in plaintiff's favor, that the testimony seems to preponderate in favor of the defendant.

For the errors aforesaid the judgment is reversed and the cause remanded. Henry, C. J., and Ray, J. concur; Norton and Black, JJ., concur in that portion of the opinion which relates to the remarks of counsel.