W. D. GIBSON ET AL., Appellants, v. ADOLPH ZEIBIG, Respondent.

St. Louis Court of Appeals, January 4, 1887.

1. AGENCY—HOW PROVED.—The authority of an agent to collect and receipt for his principal may be shown by the course of dealing between them, although the debtor did not know of such course of dealing.

2. PRACTICE—ATTORNEY'S MISCONDUCT—NEW TRIAL.—The action of an attorney in appealing to the prejudices of jurors, by alluding in his arguments to facts foreign to the merits of the controversy, unless rebuked by the court, is ground for a new trial.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Reversed and remanded.*

| | |
|---|---|
| 24 | 65 |
| 34 | 242 |
| 24 | 65 |
| 39 | 318 |
| 24 | 65 |
| 40 | 648 |
| 24 | 65 |
| 45 | 80 |
| 24 | 65 |
| 48 | 176 |
| 24 | 65 |
| 49 | 145 |
| 24 | 65 |
| 55 | 634 |
| 24 | 65 |
| 60 | 73 |
| 24 | 65 |
| 64 | 96 |
| 24 | 65 |
| 68 | 90 |
| 24 | 65 |
| f83 | 75 |
| 24 | 65 |
| 87 | 322 |
| 24 | 65 |
| 94 | 2436 |

F. H. BACON, for the appellants: The employment of a salesman to sell goods by sample and on credit, he not being intrusted with the possession of the goods, gives no authority to such salesman to collect payment for the goods so sold. *Chambers v. Short*, 79 Mo. 204; *Butler v. Dorman*, 68 Mo. 298; *Seiple v. Irwin*, 30 Pa. St. 513; *Law v. Stokes*, 32 N. J. 249; *Clark v. Smith*, 88 Ill. 298; *Kornman v. Monaghan*, 24 Mich. 36; *McKindly v. Dunham*, 55 Wis. 515. It doubtless is true that an agency and authority may be inferred from the previous course of dealing between the parties, but these dealings must extend through some little time, and be known to the party seeking to take advantage of them. There must be a succession of acts and a course of dealing sufficiently protracted to reasonably justify the inference. Story on Agency [8 Ed.] sects. 95, 255–56, and sect. 87; Smith Merc. Law

VOL. XXIV—5

[3 Ed.] ch. 5, sect. 4, p. 178; 2 Greenleaf on Evidence
[10 Ed.] sects. 65, 67; *Brooks v. Jameson*, 55 Mo. 505;
*Cupples v. Whelan*, 61 Mo. 583; *Edwards v. Thomas*,
66 Mo. 483. It is error to allow counsel in argument to
the jury to appeal to prejudices foreign to the case made
by the evidence. *The State v. Lee*, 66 Mo. 168; *Fergu-son v. The State*, 49 Ind. 33; *Jenkins v. Ore Co.*, 65
N. C. 564; *The State v. Smith*, 75 N. C. 306.

Leo Rassieur & Dexter Tiffany, for the respon-
dent: Evidence of the conduct of the principal toward
the agent in his employment, and in transactions not
connected with the party to the suit, is admissible to
show the true character of the agency and the extent of
his authority, especially in the absence of any written
evidence of the extent of such authority. *Edwards v.
Thomas*, 66 Mo. 469; *Summerville v. Railroad*, 62 Mo.
391; *Brooks v. Jamison*, 55 Mo. 505; Story on Agency,
sect. 55; *Kent v. Tyson*, 20 N. H. 121. The statement
made by counsel in his closing argument to the jury is
not ground for reversing the judgment. *The State v.
Zumbunson*, 7 Mo. App. 526; *The State v. Emory*, 79
Mo. 461–3; *The State v. Dickson*, 78 Mo. 451; *The State
v. Owen*, 78 Mo. 377; *The State v. Jones*, 78 Mo. 286;
*The State v. Hamilton*, 55 Mo. 520; *Lloyd v. Railroad*,
53 Mo. 509.

Thompson, J., delivered the opinion of the court.

This was an action upon a merchant's account. The
answer is a plea of payment. The evidence showed
payment to one Fleischer, who was the agent of the
plaintiffs at St. Louis to sell their goods by sample, and
who sold these particular goods to the defendant, after-
wards collected the price agreed to be paid for them, less
the discount, gave to the defendant a receipt in full,
signed by himself as the plaintiff's agent, and then
pocketed the money and absconded. The only question
in dispute was whether Fleischer had authority from
the plaintiffs to collect this bill.

I. Against the objection of the plaintiffs, the defendant was permitted to introduce the testimony of one Haller, another merchant of St. Louis, who had been a customer of the plaintiffs, to the effect that Haller had, prior to the date of the transaction in controversy, paid several bills to the plaintiffs through Fleischer, as their agent, to which mode of payment the plaintiffs had made no objection. In this there was no error. Agency and the scope of an agent's authority are facts, to be proved like other facts. They may be proved either by showing the terms of a contract between the alleged principal and agent, or they may be proved by the transactions which have taken place between the principal and the agent, showing what the understanding between them was as to the scope of the agent's authority. Evidence of a course of dealing by an agent, sanctioned by his principal, is one of the recognized modes of proving the extent of the agency; and such evidence is admissible, whether the party introducing it knew, at the time of the transaction in controversy, that the dealings had taken place or not. *Greeley-Burnham Grocer Co. v. Capen*, 23 Mo. App. 301; *Wheeler v. Metropolitan Co.*, 23 Mo. App. 190; *Brooks v. Jameson*, 55 Mo. 505, 512; *Edwards v. Thomas*, 66 Mo. 468, 482; *Franklin v. Globe, etc., Co.*, 52 Mo. 461.

II. The court refused all the instructions tendered by both parties, and instructed the jury of its own motion. These instructions submitted the case to the jury fairly and clearly upon the applicatory principles of law, and furnished no ground of exception.

III. The bill of exceptions recites that the counsel for the defendant, in his address to the jury, after the instructions had been given, used language about as follows: "'I take it, gentlemen, that all this matter amounts to is a little difference between St. Louis and Chicago; and I think you will decide (or find) that in this case (or this time), we of St. Louis rather got the best of Chicago.' To which statement to the jury the

plaintiffs then and there objected, which objection the
court overruled, to which ruling of the court the plaintiffs'
counsel then and there, at the time, duly excepted.''

We are surprised that the court should have over-
ruled this objection, and should not have taken occasion
to rebuke the use of such language in the presence of
the jury. It is a notorious fact, and one of which the
court might, for the purposes of this objection, have
taken notice, that there has long been a commercial
rivalry between the cities of St. Louis and Chicago.
The plaintiffs were merchants doing business in Chicago,
and the defendant was a merchant doing business in St.
Louis. A rivalry of this kind is liable to infect the
inhabitants of either of the rival cities with prejudice
against the other. In view of this fact, an appeal of this
kind to local prejudice and local pride should not have
been made. It was a matter wholly extrinsic to the evi-
dence and to the merits of the case. The court should
have checked counsel of its own motion and instructed
the jury to disregard such considerations. This was the
least that the plaintiff was entitled to under the circum-
stances. But when the plaintiff's counsel objected to
this line of argument, and the court overruled the objec-
tion in the presence of the jury, the effect of the ruling
must have been to impress the jury that this line of
argument met with the deliberate approval of the court.

We have not been disposed to countenance captious
and strained objections of this kind. We have not re-
garded it as ground for reversing a judgment that coun-
sel for the successful party have indulged in extravagant
flights of oratory, or have drawn inferences from the tes-
timony which might be deemed unwarranted and unfair.
We have regarded it as important and counsel should
not feel themselves trammeled in the forcible and zeal-
ous advocacy of their client's cause, by being beset at
every step of their argument by the fear that they might
let slip something which, in case of their client's success,
would entitle the other party to a new trial. But there
is a clear line of demarkation between matters which

pertain to the case on trial and matters which are wholly extrinsic; and where counsel have attempted to make a case in their argument to the jury which the law would not allow them to make in their tenders of evidence, our courts have always held that such conduct, if objected to at the time and allowed to pass unrebuked, is ground for a new trial. *Miller v. Dunlap*, 22 Mo. App. 97; *Marble v. Walters*, 19 Mo. App. 134; *Roeder v. Studt*, 12 Mo. App. 566; *Brown v. Railroad*, 66 Mo. 588, 590; *The State v. Lee*, 66 Mo. 165, 168; *The State v. Barham*, 82 Mo. 67. Because the counsel for the defendant saw fit to indulge in these unwarranted remarks, and because the court, notwithstanding the objection of the plaintiff's counsel, failed to rebuke this impropriety in the presence of the jury, but overruled the plaintiff's objection thereto, we reverse the judgment and remand the cause, and for no other reason.

Reversed and remanded. All the judges concur.

THOMPSON, J., delivered the opinion of the court on re-hearing.

A motion for re-hearing has been made in this case and pressed upon us with much earnestness. We have given it careful consideration, and have taken the pains to examine a large number of decisions in other jurisdictions upon the granting of new trials by appellate courts because of the misconduct of counsel in over-stepping, in their arguments to the jury, the bounds allowed to advocacy. It is right to say that, while we have taken this pains in deference to the earnestness with which a motion has been pressed, and to the standing of counsel by whom it has been made, none of the members of the court have been able to bring their minds to have any doubt as to the propriety of our ruling in the case.

We find, of course, a variety of decisions upon the subject in other jurisdictions; but among those decisions we discover abundant warrant for going as far as we have gone in this case.

In a recent civil case in Alabama, counsel for the successful party eulogized his client as a large-hearted, great-souled, confiding, and trusting man, of which fact there was no evidence. The opposing counsel having objected to this line of argument, the counsel addressing the jury replied : "Oh, well, I will take it back." The court having failed to instruct the jury in clear terms that such remarks were not legitimate arguments, and that they should not consider them in their deliberations, it was held that a new trial must be granted. *Woolfe v. Minnis*, 74 Ala. 386. It is likewise held in a late civil case in Wisconsin, that the wrong done to the opposite party by such a course in argument, is not cured by counsel saying, when objection is made, that he will take it back. *Baker v. Madison*, 62 Wis. 137, 148.

In a late case in Indiana a citizen of Marshall county was engaged to teach a school in Fulton county. She subsequently brought an action to recover compensation for her services, and, on her own application, the venue was changed from Fulton county to Marshall county. Upon the trial in Marshall county her counsel, in his argument to the jury, said to them, "Stand by your own citizen," and, also, against the objection of the defendant's counsel and the admonition of the court, told them that "the school trustees, people, and citizens of Fulton county, are trying to disgrace and oppress a citizen of Marshall county." It was held that this misconduct required the granting of a new trial and that the court did not cure the prejudice by attempting to instruct the jury, so as to remove the impressions thereby created from their minds. *School Town of Rochester v. Shaw*, 100 Ind. 268.

In another late case in Indiana, also a civil case, counsel for the successful party appealed to the religious prejudices of the jury, intimating that witnesses of the opposite party had been instructed by a Catholic priest, of whose church they were members. Notwithstanding the fact that the court stopped counsel and rebuked this

line of argument, it was held that the mischief was not cured and that a new trial must be granted. *Rudolph v. Landwerlen*, 92 Ind. 34, 39.

In a civil case in Nebraska, in which the plaintiff was a corporation, counsel for the defendant endeavored to get in evidence tending to show that the secretary of the corporation had embezzled its funds, which was ruled out as irrelevant. Nevertheless, counsel persisted in stating the substance of it on argument to the jury. It was held that a new trial must be granted. *Cleveland Paper Co. v. Banks*, 15 Neb. 22.

In Illinois it has been held that the reading of a newspaper to the jury, containing matters either evidentiary in their nature or having a tendency to excite prejudice against the unsuccessful party, requires the granting of a new trial. *Railroad v. Bragonier*, 13 Bradw. 467.

In a civil case in Iowa, where the defendant's counsel, in his concluding argument, referred to prejudicial matters not in evidence, and charged that the plaintiff "was only a catspaw to lend the cloak of respectability to the case," it was held that a new trial ought to be granted, although the opposing counsel made no objection at the time, the judge being absent from the court room. *Hall v. Woolf*, 61 Iowa, 559, 561.

Many other civil cases might be cited where appellate courts have taken the same view of their duty to grant a new trial, which we have taken in this case. *Rolfe v. Rumford*, 66 Me. 564; *Scripp v. Riely*, 35 Mich. 371; *Hennies v. Vogel*, 87 Ill. 242; *Union Central Life Ins. Co. v. Cheever*, 36 Ohio St. 201, 208; s. c., 38 Am. Rep. 573; *Rickalens v. Got*, 51 Mich. 227; *Martin v. Orndorff*, 22 Iowa, 404. Not only in some of the cases above cited, but in others which might be cited, appellate courts have gone further than we have gone in holding that the mischief of such misconduct is not cured by directing the jury to disregard the matters thus brought to their attention. *Scripp v. Riely, supra.*

Many cases, aside from those decided in this state, lay stress upon the duty of the trial judge to interpose in such cases, whether requested to do so or not. *Forsythe v. Cothran*, 61 Ga. 278; *Bulloch v. Smith*, 15 Ga. 395; *Dosler v. Brown*, 25 Ga. 24; *Bankard v. Railroad*, 34 Md. 197; *Saunders v. Baxter*, 6 Heisk. 369; *Bell v. The People*, 14 Ill. 432; *Jenkyns v. North Carolina Ore Dressing Co.*, 65 N. C. 563; *Devries v. Haywood*, 63 N. C. 53. Our supreme court has taken the same view of the matter, holding that where improper and prejudicial matters are alluded to in argument, the failure of the trial judge to rebuke the counsel must produce the impression on the jury that the sanction of the court is given to the statements objected to. *Ritter v. First National Bank*, 87 Mo. 574; *The State v. Rothschild*, 68 Mo. 52; *The State v. Lee*, 66 Mo. 165; *The State v. Barham*, 82 Mo. 67.

An examination of the books discloses the fact that courts have been the more inclined to make such misconduct the ground for granting new trials, where it has been committed by counsel of ability and standing, proceeding upon the obvious ground that the jury would be more likely to be influenced by evidential or prejudicial matters thus improperly stated by counsel of high standing and reputation, than by counsel of indifferent standing and reputation. In this case the counsel who, either through zeal or inadvertence, overstepped what we conceive to be the plain limits allowed to counsel in arguing the case to the jury, was a member of the bar of high standing, both as a lawyer and a citizen, and long a resident in the community. It must be presumed that the jury were acquainted with his standing and character, and that they would give greater weight to the language objected to for that reason. But when, after objection, the court declined to check counsel or to admonish the jury not to regard such considerations, the effect was produced of the court putting its seal of approbation upon the language used. Counsel, of course, may be

pardoned for errors of this kind, where not deliberately planned and persisted in after objection or after admonition from the bench; but after the attention of the court is called to a prejudicial expression of this nature used by counsel, the duty of the court is plain to rebuke the expression and admonish the jury to disregard it, and a refusal to perform this duty is ground of exception and error.

Entertaining these views, believing that they are well supported by authority both in and out of this state and founded upon the highest considerations of public policy, that of preserving in its integrity the system of jury trial, already the subject of much public dissatisfaction, we must adhere to our former ruling in the case, that the judgment be reversed and the cause remanded for a new trial. All the judges concur.