D. M. Ritter, Respondent, v. First National Bank
of Springfield, Appellant.

St. Louis Court of Appeals, April 24, 1888.

:Evidence—Fixing Date by Cotemporaneous Facts.— When the
date of an act is in dispute, it may be fixed by the cotempora-
neous occurrence of other acts, either notorious, or distinctly
remembered.

Appeal from the Greene Circuit Court, Hon. W.
D. Hubbard, Judge.

*Affirmed.*

Jas. R. Vaughan, for the appellant: The court
erred in permitting the plaintiff and his witness to tes-
tify to matters utterly irrelevant, immaterial, and col-
lateral to any issue on trial and before the jury. *Ritter
v. Bank*, 87 Mo. 574; 1 Greenl. Evid. [12 Ed.] p. 63, sec.
52; *State v. Brassfield*, 81 Mo. 157; *State to use v.
Bank*, 10 Mo. App. 482; *Stumpf v. Mueller*, 17 Mo.
App. 283. Until a witness' testimony is impeached by
:showing his character or memory to be bad by testimony
going to that issue, evidence to bolster him cannot be
:admitted. *State v. Cooper*, 71 Mo. 436. In cases where
the testimony of a witness requires corroboration to make
out a case, as in perjury, accomplices' testimony, etc.,
such corroboration must always be as to material facts
only. 1 Greenl. Evid. [12 Ed.] p. 427, sec. 381, and
note.

Goode & Cravens, for the respondent: "Evidence
which explains any fact in issue, or identifies any per-
son or thing, or fixes the time or place of an act, or
:shows an opportunity for the occurrence of such act, or
shows the relevancy of other facts, is admissible for
those purposes." 1 Greenl. on Evid. [14 Ed.] 79, note;

Stephen's Dig. Evid., art. 9 ; *Mason v. State*, 42 Ala.. 532 ; *Rex v. Pearce*, Peake, 75 ; *Rex v. Egerton*, R. &. R. 375.

ROMBAUER, P. J., delivered the opinion of the court.

The defendant is a bank of deposit, and the plaintiff was one of its depositors, and claimed that on December 22, 1881, he deposited with defendant on current account, two hundred dollars, which the defendant refused to repay to him on demand, alleging that no such deposit was ever made. Thereupon plaintiff brought this action.

The case was tried twice, each trial resulting in a verdict for plaintiff. After the first judgment the cause was appealed to the Supreme Court, and that court reversed the judgment for the reason that counsel for plaintiff had improperly commented in his address to the jury on certain excluded testimony, and for the further reason that the court had permitted a witness for plaintiff to testify that he came with the plaintiff to Springfield on December 24, that being the day on which, according to plaintiff's evidence, he went to the bank to draw the deposit. Judges Black and Norton concurred in that part of the opinion only which related to the remarks of counsel. *Ritter v. Bank*, 87 Mo. 574.

The only complaint made on the present appeal is, that the court against defendant's objections, again admitted irrelevant evidence, being the testimony of plaintiff and one Woodward. The testimony complained of related to the date of the deposit and was connected with the fact in issue in this wise: The defendant's books showed no deposit made by plaintiff in December, 1881, and the defendant's witnesses denied that any deposit was made by plaintiff in that month. There was no evidence that the plaintiff had paid any money to the bank at any time in discharge of any obligation. Woodward was present in the bank and saw the plaintiff hand in a paper and some currency at the

deposit-window. The plaintiff testified that the paper was a check for one hundred and thirty-three dollars, and the currency seventy-seven dollars, in bank bills, and that this occurred December 22, 1881. His examination then proceeded as follows :

"Have you anything by which you can now verify the date of the deposit ? "

This question was objected to as being immaterial and irrelevant to any issue on trial, and intended to bolster up and support plaintiff's testimony by proof of collateral facts which tended to draw the minds of the jury away from the points in issue.

The court overruled this objection, and the witness answered as follows :

" Yes, I have.    I can tell why I recollect the date."

This question was asked :

" What circumstance enables you to fix this date ? "

This question was objected to for same reasons as above and last one ; but these objections were overruled, and the witness answered as follows :

"I was trading at Cass's grocery-store, and bought some things there on the day of the deposit, and among them bought a castor which Cass charged on his book, and it is charged on that day."

This question was asked the witness :

"That is the way you fix it, is it ; by the fact that you bought the castor that day ? "

This question was objected to for the same reasons as the others above set forth, and also because the same was leading ; but the court overruled the same, and the witness answered :

" I fix the date in that way."

To the action of the court in overruling its objections to all the questions above set forth, the defendant then and there excepted.

The plaintiff then stated in answer to questions by his counsel, and against defendant's objections for same reasons as there above set forth, that, "Mr. Martin came to my house the next day after I had made the

deposit and wanted to borrow some money, and wanted me to endorse a note for him to get some money out of same bank; this was on the twenty-third day of December, but I did not endorse the note."

To the action of the court in admitting this testimony against its objection, defendant at the time excepted.

Burt Woodward, testified as follows:

"I saw Mr. Ritter put some money in the bank, but I could not say whether he was putting in a deposit, or paying a note, or what he was doing; I saw him take a piece of paper out of his pocket, and then saw him take some bills out of his pocket, and pass them in at the bank window, but do not know the amount; he said as he did this something about making it even money, or even two hundred; this was just before or after Christmas in 1881 or 1882."

"Is there any other circumstance by which you can fix the date when what you have stated occurred?"

This question was objected to for same reasons as those set forth in objections to questions to plaintiff Ritter, that the same was immaterial, irrelevant, and as otherwise set forth in such objections, which objection was overruled by the court; to which action of the court the defendant excepted, and the witness answered as follows:

"It was when my little boy was alive, and I know that my wife and little boy went to her father's just before Christmas, 1881, and that the boy died before the winter of 1882; I also recollect I was riding a mule, and this mule I drove to Vernon county, and sold in 1882, and from these matters I fixed the date as about Christmas in 1881."

The defendant excepted to the admission of this testimony against its objection.

The defendant claims that there was error in the admission of this evidence, as it tended to bolster up the plaintiff's case by proof of collateral matter by showing that, as the witnesses remembered outside and

immaterial matter, that, therefore, they remembered correctly the facts to which they rightly testified, and hence were worthy of belief.

This objection is somewhat strained. When the date itself is a material inquiry it cannot be said that the verification of the date, even by outside matters, is immaterial. The question is similar to the one discussed in *Estes v. Fry*, 22 Mo. App. 54, 57, where the admission of similar evidence under the same state of facts was held not to furnish ground for reversal.

The date of an act, when such date is the matter of dispute, may be fixed by reference to the cotemporaneous occurrence of another act, either notorious or distinctly remembered. To do so is a matter of common practice in our courts. This class of evidence cannot be properly classed with evidence of independent facts collateral to the issue, which is inadmissible. Greenleaf on Evid., sec. 52. The weight of the evidence is a question for the jury.

In the case at bar it was not disputed that the plaintiff had made numerous deposits in this bank before. The defendant claimed that he had drawn them all out prior to December, 1881, and made no deposit thereafter. The plaintiff claimed that he did make one deposit in December, 1881, and the testimony was admitted in corroboration of his evidence as to the date. The admission of the evidence under this state of facts is not error warranting a reversal.

Judgment affirmed. All concur.