SCHWEPPE GROCER COMPANY, Appellant, v. THOMAS L. NOLIN, Respondent.

### St. Louis Court of Appeals, January 30, 1900.

Payment to Agent: CONTRACT.  Where defendant in each shipment of goods to plaintiff sent an invoice stating "pay no money to salesman unless they present written authority from us to collect," and the salesman did collect for a certain bill of goods shipped by defendant, the written direction on the invoice did not prevent the parties making such an agreement from substituting a new one. The power to make a contract involves the power to unmake it, and when the jury have by their verdict in favor of plaintiff inferred that the written order has been abrogated, it will not be disturbed.

Appeal from the Pike Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*James W. Reynolds* for appellant.

(1) Where one or two innocent persons must suffer for the wrongful act of another he must suffer who placed the party doing the wrong in a position to do it.   Neuhoff v. O'Reiley, 93 Mo. 164; Carroll v. Railroad, 14 Mo. App. 164. These propositions being true, there was no acquiescence on the part of the plaintiff in the acts of the agent that would bind it.   Having given defendant actual notice, and all other customers notice that Reeds had no authority to collect and that payments to him would be at the customer's risk, the mere "knowledge and consent" of the plaintiff that cus-

tomers were sending their payments to it by Reeds under these circumstances does not relieve defendant from bearing the loss accasioned by this misplaced confidence. Neither does such "knowledge and consent" under these circumstances deprive the plaintiff of its right to recover its debt due from this defendant because the defendant saw fit to pay the bill to Reeds against the positive warning and directions from the plaintiff not to do so. (2) For the above reasons defendant's instructions numbered 7, 8 and 9 should not have been given. Instructions numbered 7 and 8 are also objectionable for the reason that they ignore the material fact in the plaintiff's case relating to positive directions, notice and warning to defendant from plaintiff not to pay Reeds any money, and for this reason should not have been given. Hackman v. McGuire, 20 Mo. App. 286; State v. Jackson, 105 Mo. 196; Rose v. Speis, 44 Mo. 20; Copp v. Hardy, 32 Mo. App. 588; McClure v. Ritchey, 30 Mo. App. 445.

*Pearson & Pearson* for respondent.

(1) The only point involved in this case is the question of agency. "The authority of agent to collect and receipt for his principal may be shown by the course of dealing between them." Gibson v. Zeibig, 24 Mo. App. 65. Defendant proved conclusively that he had been paying Lloyd Reeds as agent of plaintiff, for goods he had bought from plaintiff for a period of two years or more, and that plaintiff had accepted such payments, and had never at any time made any objection to him to this mode of paying his bills. A number of other witnesses testified that they had been customers of plaintiff for two years or more, and that they had never made payments to plaintiff any other way, than through agent Reeds, and no objection had ever come to them from plaintiff to this mode of payment for goods they

bought. (2) The issue as to Reeds' agency and authority to collect money on, and receipt bills for plaintiff, were clearly and fairly put by the instructions, and the verdict of the jury and judgment thereon should not be disturbed. In the argument plaintiff's counsel puts much stress on notice, exhibit 5, page 19, record, which defendant denied having ever received, and pronounced the signature thereto a forgery. The issue on this fact was found for defendant, and should be sustained.

BOND, J.—Plaintiff is a trading corporation and sued defendant for a balance of $50.31 on account for goods sold and delivered. The answer is a plea of payment. Issue was taken by reply. Defendant had judgment, and plaintiff appealed.

It is insisted by appellant that the fact that each shipment of goods sold to defendant was accompanied by an invoice stating "pay no money to salesmen, unless they present written authority from us to collect," distinguishes this case from the doctrine announced in Gibson v. Zeibig, 24 Mo. App. 65, to the effect that authority on the part of a salesman to collect for goods sold by him may be inferred from previous payments to him by the purchaser, acquiesced in by the principal, and for which due credit was given, and from the fact of similar payments to the agent by other dealers with the consent of the principal. The distinction insisted upon can not be logically maintained. The written direction contained in appellant's invoices to defendant, even if it had been assented to by the latter, did not prevent the parties making such an agreement from substituting a new one. The power to make a contract involves the power to unmake it, hence the abrogation of the requirement of appellant that its customers should not pay its agents without its authority in writing could be shown by any competent evidence tending to prove that appellant had waived this pre-

requisite.    In the case at bar there was abundant evidence that appellant by a course of dealing with respondent had been in the habit of receiving payments of bills through the medium of the particular salesman to whom the evidence shows payment was made for those sued for in this case, and that it ratified such transactions by written acknowledgment and credit to respondent.    The evidence also shows that it pursued the same course with other dealers in the same community.    The jury were therefore entitled to infer that appellant consented to this variance on the part of respondent from the directions printed in its invoices, and their verdict on that issue is conclusive on this appeal.

An examination of the instructions refused and given discloses that the rulings of the circuit court conform to the views expressed herein.    Nor was there any error in the exclusion of the testimony of a witness as to the declaration of the salesman that he would not collect for his principal in the future.    These declarations were hearsay as to respondent, who was not present when they were made, and had no probative bearing whatever upon the issue as to the power of the agent to collect the bills which he had previously sold to respondent.

The judgment herein is affirmed.    All concur.