R. Marble, Plaintiff in Error, v. M. Walters,
Defendant in Error.

### St. Louis Court of Appeals, October 27, 1885.

Practice—Misconduct of Attorney—Fatal Errors.—The error of the court in permitting the respondent's counsel, against objection, to repeat to the jury, and to argue therefrom, testimony offered and excluded, is not cured by an instruction to the jury to disregard the testimony, and is ground for a reversal of the judgment.

Error to the Knox County Circuit Court, Ben. E. Turner, Judge.

*Reversed and remanded.*

O. D. Jones, for the plaintiff in error. "The verdict is manifestly against the evidence and the instructions of the court. And the last one given by the court on its own motion, in view of the plaintiff's objections, does him great injustice. There was in fact no evidence to warrant the verdict. The lower court, however, acted on the rule only applicable in this. *Reid v. Piedmont Ins. Co.*, 58 Mo. 429. In case of gross misconduct in this regard (going outside of evidence in argument), this court should reverse a judgment obtained by the party whose attorney should so conduct himself. *Brown v. H. & St. J. R. R. Co.*, 66 Mo. 599."

Lewis, P. J., delivered the opinion of the court.

The plaintiff sues under Revised Statutes, section 3922, for penalty and damages on account of the throwing down of his wire fence and leaving the same open, by the defendant. The testimony tended to show that the defendant and Bevil, his brother-in-law, with Bevil's family, were riding in a wagon to visit a sister, and that they cut or broke and drove over the plaintiff's fence in going and returning, and so left it. Several witnesses testified to the defendant's repeated admissions of his

participation in the cutting; but he testified a denial of these statements, and that he only advised against the act. The verdict and judgment were for the defendant.

The plaintiff's only claim for a reversal is founded upon the charge of improper conduct of the defendant's attorney in addressing the jury, and a failure by the court to apply the proper corrective. The defendant had offered to prove that his sister was seriously sick, and that a creek was dangerously high on another route, so that it would have been necessary to travel a round-about way of two or three miles to their destination, while by going through the fence, the distance would be only about one mile. The court excluded this testimony as irrelevant and immaterial. The bill of exceptions recites: "And upon the argument of the cause, the defendant's attorney commenced to argue before the jury upon all their evidence that had been excluded by the court, that is, as to the dangerous condition of the health of defendant's sister, and the high waters of the creek, and its condition, and the condition of the road. To which plaintiff objected and asked the court to stop defendant's attorney. To which the court answered in the hearing of the jury and defendant's attorney, and said: 'It will necessitate the giving of another instruction; and that those matters are not material.' And the court proceeded to write and give and did give the following instruction: 'It is not material as to what was the condition of the roads or streams, or as to the condition of the health of defendant's sister; provided the jury shall find that defendant cut down, or aided in cutting down, and leaving open the fence, as charged.' And attorney for defendant proceeded to argue the cause, and said repeatedly, 'that no man will say they were not justified in going through there then, to see a dying sister.' "

One of the chief objections urged against the jury system by its opponents is, the frequent inclination of the average juror to discriminate between the require-ments of law and his own ideas of natural right and

justice. It is alleged that, where a strong sentiment appears in antagonism with a rule of law, the verdict will, in many cases, be found in favor of the sentiment and against the law. This is, of course, only setting aside the behests of government, representing the will of all the people, for the preferences of the individual. But it is the special business of the courts to counteract such tendencies, whenever it lies within human capability so to do. They must, in every event, vindicate the absolute supremacy of the law. To temper the law with mercy may sometimes extol its majesty and glorify the might of the judicial arm. But the wilful rendering of an unlawful judgment, and the deliberate refusal by a court to use the means expressly confided to it for the protection of a suitor's right, are only different forms of judicial despotism. Nothing can be clearer than that, in this case, the plaintiff was entitled to be protected against any determination of his rights, founded on the rejected evidence. The method adopted by the court was anything but a proper exercise of its authority, to the end proposed. It is always dangerous to let in an evil, because of a possible remedy for it. Better to withhold the poison than to depend upon the antidote. Instead of this mild attempt to avert the evil tendencies of the attorney's violation of propriety, the learned judge should have acted upon the rule declared by this court on a former occasion: "An advocate must not make himself a witness and state facts not in evidence, to prejudice the jury. Such statements should be checked and a severe reprimand administered, in the presence of the jury, to the attorney who is guilty of this violation of duty." *Roeder v. Studt*, 12 Mo. App. 566. That counsel, in the present case, used for persuasive purposes what had been expressly excluded by the court, only aggravated the offence.

The conflict of testimony as to the defendant's participation in the trespass was such that, but for the element of misconduct in the trial, this court would not feel at liberty to disturb the verdict. But there can be

no presumption of fairness in a verdict, when strongly unfair influences have been employed in directing its shape. The attorney's persistence in pressing the excluded matter upon a supposed leaning of the jury against the law of the case, and against the rulings of the court, brings him directly within the criticism of Henry, J., in *Brown v. H. & St. J. R. R. Co.* (66 Mo. 599): "The practice of traveling out of the record in an address to the jury, and making statements of facts which there was no evidence tending to prove, has been often condemned; and in a case of gross misconduct in this regard, this court should reverse a judgment obtained by the party whose attorney should so conduct himself."

All the judges concurring, the judgment is reversed and the cause remanded.